UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIA-UR-RAHMAN, *et al.*,<br><br>    Petitioners,<br><br>v.<br><br>ROBERT GATES*, et al.*,<br><br>    Repondents. | No. 10-cv-320-EGS |

**PETITIONERS' MOTION FOR LEAVE
TO TAKE JURISDICTIONAL DISCOVERY**

Petitioners hereby move for the entry of an order granting them leave to take jurisdictional discovery before the Court rules on Respondents' pending motion to dismiss. Respondents' counsel has declined to consent to the relief requested in this motion.

**Points and Authorities**

Rule 12(b)(1) requires that in considering a motion to dismiss, the petitioners' allegations "are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098 (D.C. Cir. 2005); *Khalid v. Bush*, 355 F. Supp. 2d 311, 317 (D.D.C. 2005) ("The Court must accept the well-pleaded facts as they appear in the writ of habeas corpus petition and extend the petitioners every reasonable inference in their favor."). Where, as here, Respondents have "challenged the factual basis of the court's jurisdiction . . . the court *must* go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon a motion to dismiss." *Phoenix Consulting Inc. v.*

*Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000) (emphasis added).  In order to resolve factual disputes, the Court "must give the plaintiff 'ample opportunity to secure and present evidence relevant to the existence of jurisdiction,'" *id.* (quoting *Prakash v. Am. Univ.*, 727 F.2d 1174, 1179-80 (D.C. Cir. 1984)).  Jurisdictional discovery is especially important in habeas cases where the government responds to a petition not by showing that it is without merit, but instead by challenging the very authority of the courts to inquire into the lawfulness of detention.  *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 67-69 (D.D.C. 2008) (ordering jurisdictional discovery); *Al Maqaleh v. Gates*, No. 06-cv-1669-JDB, dkt. 57 (D.D.C. Feb. 15, 2011) (jurisdictional discovery concerning Bagram detainees' right to habeas would be appropriately considered in opposition to the government's motion to dismiss).  Indeed, the D.C. Circuit has instructed that "ruling on a Rule 12(b)(1) motion may be improper before the plaintiff has had a chance to discover the facts necessary to establish jurisdiction."  *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 198 (D.C. Cir. 1992).

To support their motion to dismiss, Respondents have raised extrinsic jurisdictional facts that directly contradict the facts in the Petition.  Mr. Rahman disputes the alleged facts underlying Respondents' claims, and although Petitioners introduce their own evidence in support of this Court's jurisdiction, the best evidence on each disputed issue is within Respondents' control.  Petitioners are entitled to discovery regarding all disputed jurisdictional facts, each of which could affect the outcome of the multi-factor balancing test this Court is required to undertake under *Boumediene*.

Specifically, Petitioners are entitled to discovery on four disputed areas.

First, Petitioners are entitled to discovery about the adequacy of the DRB process as a substitute for habeas review. *Compare* Mot. to Dismiss, dkt. No. 15, at 11-14 ("Gov't Br.") (government states that new DRB procedures enhance detainees' ability to challenge detention) *with supra*, at 9-20 (Petitioners' evidence that the DRB procedures are inadequate and risk the illegal detention of innocents).

Second, discovery is necessary regarding the government's plans to hold prisoners at Bagram indefinitely. *Compare* Gov't Br. at 8-11 (Respondents contend that the United States does not intend to remain at Bagram "permanently") with *supra*, at 20-24 (Petitioners' evidence showing that the government intends to maintain a detention facility at Bagram indefinitely).

Third, and relatedly, Petitioners are entitled to discovery to ascertain the categories of Bagram detainees who may be held indefinitely and whether Mr. Rahman falls into these categories. *Compare* Gov't Br. at 8-11 (government states that it intends to transfer all Bagram detainees to Afghan custody) *with supra* at 23-24 (describing categories of Bagram detainees that government officials state may be held in U.S. custody indefinitely).

Finally, Petitioners are entitled to discovery about the existence of practical obstacles standing in the way of habeas jurisdiction. *Compare* Gov't Br. at 2 (practical obstacles of extending the Writ remain under *Al Maqaleh*) *with supra* at 24-26 (new evidence that over 50 Afghan civilian criminal trials have taken place at Bagram shows lesser practical obstacles to habeas hearings).

Such discovery on each of the foregoing issues will enable the parties and the Court to air fully the facts necessary for an appropriate balancing of the *Boumediene* and *Al Maqaleh* jurisdictional factors.

## CONCLUSION

For the foregoing reasons, Petitioners' motion for leave to take jurisdictional discovery should be granted.

>  Respectfully submitted,
>
>   /s/ Arthur B. Spitzer
>  Arthur B. Spitzer (D.C. Bar No. 235960)
>  American Civil Liberties Union
>    of the Nation's Capital
>  1400 20th Street, N.W., Suite 119
>  Washington, DC 20036
>  Tel: 202-457-0800
>  Fax: 202-452.1868
>  artspitzer@aol.com
>
>  Hina Shamsi
>  Jonathan Manes
>  American Civil Liberties Union Foundation
>  125 Broad Street, 18th Floor
>  New York, NY 10004-2400
>  Te: (212) 549-2622
>  Fax: (212) 549-2654
>  hshamsi@aclu.org
>
>  Jonathan Hafetz
>  169 Hicks Street
>  Brooklyn, NY 11201
>  Tel: (917) 355-6996
>  hafetzj@yahoo.com
>
>  Tina M. Foster
>  International Justice Network
>  PO Box 610119
>  New York, NY 11361-0119
>  Tel: (917) 442-9580
>  tina.foster@ijnetwork.org

Dated: February 18, 2011