**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ZIA-UR-RAHMAN, *et al.,*

                Petitioners,

    v.                                      No. 10-cv-320 (JSG)

ROBERT GATES, *et al.,*

                Respondents.

**CONSENT MOTION TO VACATE AND DISMISS AS MOOT**

Unbeknownst to this Court and petitioners' counsel, habeas petitioner Zia-ur-Rahman was transferred from U.S. government custody and control to that of the Afghan government on June 3, 2012. As a result, this case was moot when the Court's opinion issued on June 26, 2012. That decision should therefore be vacated and the case dismissed.

1. On June 20, 2012, petitioners' counsel sent a letter to respondents' counsel requesting video-conference or telephone access to their client to ascertain his current detention status and his wishes regarding possible transfer to Afghan custody pursuant to a Memorandum of Understanding on Transfer of U.S. Detention Facilities in Afghan Territory to Afghanistan, dated March 9, 2012 ("MOU"). Petitioners' counsel had previously attempted to ascertain this information themselves, including during a trip to Afghanistan in May 2012. Despite these efforts, petitioners' counsel were unable to determine Mr. Rahman's wishes through his Next Friend or family members, and the U.S. Department of Defense does not permit habeas counsel to meet with prisoners, like Mr. Rahman, at the U.S. detention facility in Bagram, Afghanistan.

2.  In response to petitioner's counsel's request for video-conference or telephone access to Mr. Rahman, on the morning of June 26, respondents' counsel informed petitioners' counsel that Mr. Rahman had been transferred from U.S. government custody to Afghan government custody on June 3, 2012.  Respondents had not previously informed the Court or petitioners' counsel of this development.  Respondents' counsel inquired whether petitioners' counsel wished to file a voluntary dismissal or preferred that respondents file a motion to dismiss.

3.  A few hours later, while petitioners' counsel were discussing their next steps, this Court's decision arrived via the Electronic Case Filing system.  Respondents subsequently filed a notice informing the Court of the transfer.

4.  Respondents' counsel represent that the United States "released its custody and control" of Mr. Rahman on June 3, 2012, *see* Notice to the Ct. at 1, ECF No. 35.  Petitioners' counsel have no reason to question this representation.  This means, however, that this Court's jurisdiction over Mr. Rahman's habeas petition lapsed on June 3, 2012.  The Court's June 26 opinion and order were, therefore, issued in the absence of jurisdiction, although the Court, like petitioners' counsel, was unaware of that fact.

5.  When a case has become moot pending decision on the merits or pending appeal, the proper remedy is vacatur of opinions already issued and dismissal of the case as moot.  *See United States v. Munsingwear*, 340 U.S. 36, 39 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.").  This includes cases in which, as here, "mootness results from unilateral action of the party who prevailed."  *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994).  District courts, like courts of appeals, must vacate their own

earlier-rendered opinions upon a showing of mootness.  *See St. Lawrence Seaway Pilots' Ass'n v. Collins*, No. Civ. A. 03-1204, 2005 WL 1138916, at *2 (D.D.C. Mar. 13, 2005) ("Vacatur is not simply a tool used by appellate courts, as district courts have also used the doctrine to vacate their own opinions."); *Rubin v. The Islamic Republic of Iran*, 563 F. Supp. 2d 38, 40 (D.D.C. 2008) ("Federal Rule of Civil Procedure 60(b) states that a court, in its discretion, may grant relief from a judgment for 'any . . . reason that justifies relief.'  Mootness provides such a reason . . . ." (citation omitted; first alteration in original)).  Vacatur protects petitioners from being "forced to acquiesce in a judgment that is now unappealable" due to mootness.  *St. Lawrence Seaway Pilots' Ass'n*, 2005 WL 1138916, at *2.  The D.C. Circuit Court of Appeals has granted vacatur as the appropriate remedy in similar circumstances in the past.  *See Wazir v. Gates*, No. 09-5303 (D.C. Cir. May 17, 2010) (per curiam order) (copy attached).

6.  Because this case became moot prior to the issuance of this court's opinion and order, the proper remedy is for the opinion to be vacated and the case dismissed as moot.

7.  Petitioners' counsel have conferred with respondents' counsel, who consent to petitioners' counsel's request that the opinion be vacated and the case dismissed as moot.

WHEREFORE, the motion should be granted.  The opinion and judgment entered on June 26, 2012 should be vacated and the case dismissed as moot.

Respectfully submitted,

  /s/ Arthur B. Spitzer
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the Nation's Capital
4301 Connecticut Avenue, NW, Suite 434
Washington, DC 20008
Tel: 202-457-0800
Fax: 202-457-0805
artspitzer@gmail.com

Hina Shamsi
Nathan Freed Wessler
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004-2400
Tel: (212) 284-7321
Fax: (212) 549-2654
hshamsi@aclu.org

Jonathan Hafetz
169 Hicks Street
Brooklyn, NY 11201
Tel: (917) 355-6996
hafetzj@yahoo.com

Tina M. Foster
International Justice Network
PO Box 610119
New York, NY 11361-0119
Tel: (917) 442-9580
tina.foster@ijnetwork.org

June 27, 2012

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ZIA-UR-RAHMAN, *et al.,*

                Petitioners,

    v.                                    No. 10-cv-320 (JSG)

ROBERT GATES, *et al.,*

                Respondents.

**[PROPOSED] ORDER**

       Upon respondents' representation that petitioner Zia-ur-Rahman was transferred from U.S. government custody and control to that of the Afghan government on June 3, 2012, and upon consideration of petitioner Zia-ur-Rahman's motion to vacate the opinion and judgment entered on June 26, 2012, and dismiss this case as moot, it is hereby

       ORDERED that the opinion and judgment entered on June 26, 2012, are VACATED; and it is further

       ORDERED that this case is DISMISSED AS MOOT.

June ____, 2012                     _____

                                     James S. Gwin
                                     United States District Judge